House of Lindberg, Inc. v. Commissioner.
House of Lindberg, Inc. v. Commissioner
Docket No. 9826.
United States Tax Court
1948 Tax Ct. Memo LEXIS 57; 7 T.C.M. (CCH) 764; T.C.M. (RIA) 48207; October 25, 1948
B. W. Flinn, C.P.A., City Hall Bldg., Rockford, Ill., for the petitioner. Richard L. Greene, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: After mutual concessions made by stipulation, to be reflected in computation under Rule 50, this case involves excess profits tax for the fiscal year ending October 31, 1943. Deficiency was determined in the amount of $2,042.82, but this was based upon the Commissioner's exclusion from equity invested *58 capital claimed, of the amount of $27,013.95, but it is now stipulated that he contends that only $19,298.34 should be so excluded. The only question remaining for our consideration is whether the Commissioner erred in excluding from invested capital profits on installment sales which had been subjected to excess profits taxes but not to income taxes. All facts have been stipulated and we find them to be as stipulated. We epitomize the facts which we deem necessary to set forth here, as follows: [The Facts] The petitioner, a corporation engaged in the business of retail sale of furniture, and making some of its sales on the installment basis, and formerly keeping its books and filing its income and excess profits tax returns on the accrual basis, had, with respect to installment sales, elected to compute and report the profit thereon on the installment basis under section 44 (a) of the Internal Revenue Code. For the taxable year, also, it filed its income tax returns on the installment basis, as to installment sales, under section 44 (a) but elected to have the provisions of section 736 (a) of the Internal Revenue Code apply and filed *59 its excess profits tax return and computed its excess profits net income on the accrual basis. The Commissioner adjusted excess profits net income to conform to such election under section 736 (a) and excess profits taxes were paid accordingly. The petitioner's reserve for unrealized profits on installment sales at the beginning of the taxable year was $19,298.34. Such reserve was not included and was not includible in the petitioner's net income under Chapter 1 of the Internal Revenue Code. In its excess profits tax return for the taxable year petitioner claimed the $19,298.34, as reflected in its reserve for unrealized profits, as part of its accumulated earnings and profits and included same in arriving at its equity invested capital. Of the $19,298.34 the sum of $261.11 is applicable to installment sales made prior to October 31, 1940. [Opinion] Section 718 (a) (4) of the Internal Revenue Code provides that equity invested capital shall include "the accumulated earnings and profits as of the beginning of such taxable year." The petitioner contends, in short, that because the $19,298.34 had been subjected to excess profits taxes it is included in such *60 "accumulated earnings and profits" for the purpose of section 718 (a) (4), though it has not been subjected to income taxes. The petitioner relies primarily upon Kimbrell's Home Furnishings, Inc. v. Commissioner, 159 Fed. (2d) 608, which reversed this Court's opinion in 7 T.C. 339. The respondent urges that our opinion was correct and has been sustained in Commissioner v. South Texas Lumber Co., 333 U.S. 496, and other cases. These the petitioner seeks to distinguish. We need not here decide whether there is such distinction, for this Court in The J. L. Goodman Furniture Co., 11 T.C. No. 64 (promulgated September 30, 1948), a case so recent that neither party has cited it, has directly and squarely decided the present issue against the petitioner; for there, as here, the petitioner continued to report its profits from installment sales for income tax purposes on the installment basis, but elected, under section 736 (a), to have its income computed on the accrual basis for excess profits tax purposes. In short, just as here, it paid excess profits taxes on the accumulated earnings and profits but did not pay income taxes thereon, so *61 the question is precisely the same as here. Reviewing the same cases cited by the parties here, we there followed our views as expressed in Kimbrell's Home Furnishings, Inc., 7 T.C. 339, and held that the petitioner was not entitled to include its accumulated earnings and profits as of the beginning of the year in equity invested capital. Unable to distinguish that case from the instant matter, we conclude and hold that the Commissioner did not err in excluding the $19,298.34 in its unrealized profit reserve at the beginning of the taxable year, in the computation of equity invested capital. Because of other matters involved in mutual concessions, Decision will be entered under Rule 50.